## Almart Stores v. Liberty Shop Center

*Theodore J. Zeller, Jr.,* and *Butz, Hudders & Tallman,* for plaintiffs.

*Henry R. Newton* and *Gross, Herster & Newton,* for defendants.

*Wardell F. Steigerwalt, H. Robert Fiebach* and *Wolf, Block, Schorr* and *Solis-Cohen,* for additional defendants.

WIEAND, J., February 1, 1972.—In this civil action an amended complaint was filed by plaintiffs on July 1, 1971. Defendant, Liberty Shop Center, Inc., filed an answer containing new matter on August 2, 1971, and plaintiffs' reply to such new matter was filed on August 16, 1971. On August 27, 1971, defendant filed a praecipe for writ to join Alexander Ewing and Associates as an additional defendant. The writ was duly issued and was served upon the additional defendant on September 7, 1971. On September 10th, an appearance was entered on its behalf. On September 15, 1971, defendant filed its complaint against the additional defendant, and that too was duly served. Attached to and served with defendant's complaint was a copy of plaintiffs' amended complaint. Copies of defendant's answer and plaintiffs' reply, however, were inadvertently overlooked and were not then served upon the additional defendant. This oversight prompted preliminary objections by the additional defendant. After the preliminary objections had been filed and served upon defendant, copies of the missing pleadings were promptly forwarded to counsel for the additional defendant. It is argued, however, that the oversight was jurisdictional in nature and now compels a dismissal of proceedings against the third-party defendant.

Pennsylvania Rule of Civil Procedure 2254(b) provides that "If the joinder is commenced by writ, copies of all pleadings shall be served with the complaint when filed thereafter . . ." This is necessary in order that the additional defendant may know the nature of plaintiff's claim against the original defendant, as well as the latter's defenses thereto. What is the effect of a failure to serve copies of prior pleadings upon the additional defendant? Does such a failure constitute

a jurisdictional defect? Does it require that the proceedings against the third-party defendant be dismissed?

The author of Goodrich-Amram Procedural Rules Service answers these questions at section 2254(b)-2 as follows:

"In the first place, it can have no effect on the jurisdiction *in personam* over D2. It is the service of the writ alone that creates this jurisdiction. The pleadings have nothing to do with it.

"In the second place, D2 may not, and cannot, respond to these supplementary documents. He is not a party to them. They are served upon him for purposes of information, so that he will know the nature of the claim of P against D1."

Similarly, in 4A Anderson, Pa. Civil Practice, §2254.20, p. 120, the author concludes:

"The additional defendant, if properly served with a writ of joinder, or the complaint by which his joinder was effected, cannot attack the jurisdiction of the court on the ground that he was not served with copies of the specified pleadings."

In Agatone v. D'Antonio, 31 D. & C. 2d 138, a jurisdictional attack was made by an additional defendant who had not received copies of prior pleadings until sometime after he had filed preliminary objections averring defendant's failure to serve him with copies of prior pleadings. The disposition of those preliminary objections was made in an opinion by Judge Diggins, who wrote, at page 140:

"It would appear that Rule 2254 does require service of copies of auxiliary pleadings with the defendants' complaint. Nevertheless this is held to be directory and not fatal; but in any event, the question is

moot because all such pleadings have now been served upon the additional defendant."

In Stauffer v. Sutton, 17 D. & C. 2d 26, defendant had neglected to serve upon the additional defendant a copy of plaintiff's complaint. This court, in an opinion by Judge Henninger, said, at page 27:

"Merely to strike off the complaint would serve no good purpose because we would be compelled to permit the filing of an amended complaint: Pa. R.C.P. 1028(d) . This would merely cause additional delay in an action already too long delayed."

We agree with the foregoing authorities. Since the additional defendant was properly served with the original writ and later with defendant's complaint and has caused an appearance to be entered on its behalf, in personam jurisdiction has clearly been perfected. Service of process was not rendered defective by defendant's failure to serve upon the additional defendant copies of all prior pleadings. The provision of Pa. R. C. P. 2254(b) with respect to the service of such copies is directory only. A failure to comply therewith does not render the joinder invalid. Moreover, inasmuch as the additional defendant has been supplied with those copies which it seeks, defendant's initial failure has now become moot.

## ORDER

Now, February 1, 1972, it is ordered that the additional defendant's preliminary objections be and the same are hereby dismissed, and an answer to defendant's complaint may be filed, if desired, within 20 days after service of a copy of this order upon counsel for such additional defendant.